## Texas & Pacific Railway Company v. Johanna Breadow.

### Delivered October 22, 1898.

**1. Charge of Court—Negligence.**

See the opinion for a charge of court on negligence in an action against a railway company for personal injury to an employe held correct and not vitiated by verbal inaccuracies

**2. Same—Reference to Another Paragraph.**

An instruction in an action by an employe against a railway company for injuries sustained by its negligence, that if at the time the employe was struck by an engine, the persons in charge thereof were in the exercise of ordinary care, you will find for the defendant, unless you find for the plaintiff under the first paragraph of this charge, is not misleading and erroneous where such first paragraph expressly instructs the jury that the employe's right of recovery rests upon the negligence of the railway company, and where a verdict in his favor could not properly have been rendered under that paragraph, unless such negligence was proved.

Appeal from Dallas. Tried below before Hon. W. J. J. Smith.

*Alexander, Clark & Hall* and *T. J. Freeman,* for appellant.

*Leake, Henry & Greer, W. C. Kimbrough,* and *Dudley G. Wooten,* for appellee.

FINLEY, Chief Justice.—The petition of Johanna Breadow, appellee, plaintiff below, as surviving widow suing for herself and for her two minor children, declared for damages against the Texas & Pacific Railway Company, on account of the killing of Fred Breadow, who was injured while in the service of the defendant as a car repairer, on or about March 7, 1892, and died from said injuries on the following day. Plaintiff charged that the injuries and death of said Breadow were occasioned by the negligence of defendant, to the damage of plaintiff and her children in the sum of $20,000.

This is the second appeal in this cause, appellees having formerly re-

covered a judgment for $8000, which was reversed because of error in the charge of the court on the subject of the persons operating defendant's engine *having seen the deceased in time* to avoid contact with the engine, by the exercise of ordinary care and prudence, it being held that there was no evidence to warrant the submission of the issue to the jury. 36 S. W. Rep., 410; 35 S. W. Rep., 490. Under the pleadings at the former trial there were two counts in the petition: one alleging that the operatives on the engine actually saw the deceased and failed to exercise ordinary care towards him; the other based on facts constituting general negligence under all the circumstances of the case, as well as negligence per se in violating the ordinances of the city. At the second trial the first named ground of recovery (being the second count in the petition) was abandoned, and trial had on the other (being the first count in the petition).

The plaintiff's pleadings presented in substance these issues:

1.   That defendant company operated its tracks, yards, and engines in a public place, in and along and across the streets of the city of Dallas, where pedestrians and vehicles were habitually accustomed to pass with the full knowledge and consent of defendant, and was charged by law and the physical circumstances of danger with the exercise of care proportioned to the risks of the place and enterprise.

2.   That the ordinances of the city specifically required that no train or engine should be run at more than six miles an hour, and that the engine bell should be rung and kept ringing all the time the engine was in motion.

3.   That at the time and place of the accident defendant was guilty of negligence, in that its servants in charge of the engine were not exercising due and proper care and vigilance under all the circumstances, and were violating the law by running at twelve miles an hour and not ringing the bell or giving any other signal.

4.   That deceased was an employe of the defendant company, going from his place of work to his home by the usual and nearest route and along the customary path used by the public generally; that he was exercising due and proper care and prudence for his own safety and was keeping proper lookout for danger, and regulated his movements by such care, as well as by a reliance on the belief that defendant would observe the positive requirements of the law as to speed and signals.

The defendant's answer embraced, besides exceptions, a general denial and special pleas to this effect:

1.   That Breadow sustained the injuries in question in the private yard of defendant comprising several acres of land on ground owned in fee simple by defendant and remote from any street or crossing; that defendant's main track and numerous side, switching, and repair tracks are constructed, extend into and through said yard, and are liable to be used at any time in the necessary conduct of defendant's business, as was well known to Breadow, who was an old and experienced employe in said yard; that Breadow himself was negligent in that on the occasion in

question he neither watched, looked, nor listened for the approaching engine, but without using either of these precautions he relied altogether upon those in charge of the engine using precaution to avoid striking him.

2.    That the proximate cause of deceased's injury was that just a moment before he was struck, and while he was walking eastward through the yard and along the switch track, and while he was in a position of no peril, he suddenly, without looking to see upon what track the engine was approaching from behind, stepped to the right and in such close proximity to the passing track he was struck.

3.    That the tracks in defendant's yard are places of peril, where engines and trains are liable to be propelled at any time; that personal security therein requires close and exacting attention from all engaged therein, particularly when they approach near to or on said tracks, and that for the better security of its employes defendant has at all times maintained a passageway about ten feet wide between the main and passing track, and that in unnecessarily departing from the sufficient passageway aforesaid deceased unnecessarily assumed a most perilous position, and at such a time and place as to render impossible precautions for his safety thereafter; and that Breadow with knowledge as an experienced employe assumed the risks incidental to the service.

A trial before a jury resulted in a verdict and judgment in favor of plaintiff for $8000, apportioned between herself and children.

Defendant's motion for a new trial was duly heard and overruled, to which order defendant excepted and gave notice of appeal in open court. Defendant duly perfected its appeal.

The death of Fred Breadow by being run over by appellant's cars is not questioned, and appellant admits that the issues tendered by plaintiff, including the negligence of the company, were sufficiently established by the evidence. The only issue of fact raised for our decision is that of contributory negligence upon the part of the deceased. On this issue, we find no such state of facts as would justify us in determining that the jury should have found that the deceased was guilty of contributory negligence, and in support of the verdict and judgment we conclude that such contributory negligence was not established.

*Opinion.*—1.    The first assignment presented attacks the verdict upon the issue of contributory negligence. This assignment is disposed of by our conclusion of fact that contributory negligence was not established. We do not deem it necessary to discuss the evidence under this assignment.

2.    The next assignment complains of paragraph 2 of the charge, which is as follows: "If you find and believe from the evidence that at the time that Fred Breadow was struck by defendant's engine and received the injuries which resulted in his death, he, the said Fred Breadow, was in the exercise of ordinary care, that is, such care as a person of

ordinary care would exercise under like circumstances, and that defendant's servant or servants in charge of and operating said engine was or were not exercising ordinary care, that is, such care as a person of ordinary care would exercise under like circumstances, and that by reason of the failure, if any, of such servant or servants in charge of and operating said engine to use ordinary care, said engine struck said Fred Breadow and inflicted upon him the injuries which resulted in his death, then you will find for plaintiff. But if you find and believe from the evidence that at the time said Fred Breadow was so struck by said engine the servant or servants of defendant in charge of and operating said engine were in the exercise of ordinary care, as hereinbefore explained, you will find for defendant unless you find for plaintiff under the first paragraph of this charge. And if you find and believe from the evidence that at the time Fred Breadow was so struck by said engine said Fred Breadow was not in the exercise of ordinary care, as before defined, and that his failure, if any, to so exercise ordinary care, in anywise or in any degree contributed to his said injuries, you will in any event find for defendant." The contention is that the jury may have understood from this charge that they should find for the plaintiff, notwithstanding the evidence might show that the railway company was not guilty of negligence. We think this construction of the charge quite technical, and not the construction which would ordinarily be placed on the language used. The use of the expression "was or were not exercising ordinary care," was manifestly adopted to conform the verb, in both the singular and plural forms, to the subjects, "defendant's servant or servants." This is made certain, further on in the paragraph, by the instruction that if the servants of the defendant were in the exercise of ordinary care at the time Breadow was struck by the engine, a verdict should be given for the defendant. There is nothing substantial in this criticism upon the charge.

3. This further complaint is made of the charge: "The charge of the court was misleading and erroneous in the continuation of said paragraph 2 of the charge, wherein the court instructed: 'But if you find and believe from the evidence that at the time said Fred Breadow was struck by said engine, the servant or servants in charge of and operating said engine, was in the exercise of ordinary care, as hereinbefore defined, you will find for defendant, unless you find for plaintiff under the first paragraph of this charge.' For the reason, if the servant or servants of the defendant in charge of and operating said engine were in the exercise of ordinary care, defendant was entitled to a verdict without qualification."

Upon examination of the first paragraph of the charge we find that it correctly presents the law of the case, and the reference to it in the second paragraph could not reasonably be understood to limit or qualify the right of the defendant to a verdict, if the jury believed from the evidence that it was not guilty of negligence. The first paragraph expressly instructs the jury that the plaintiff's right of recovery rests upon the negli-

gence of the railway company, and a verdict for plaintiff could not be properly rendered, under that paragraph, unless such negligence was proven.

4.   The refusal of two special charges asked is assigned as error.   The general charge correctly and adequately presented the law of the case to the jury, and there was no error committed by refusing to further charge the jury as requested.

We find no error in the proceedings of the court below, under the presentation of the case to us, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.